***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 10; reversed and remanded as to claim concerning
nonunanimous verdicts, otherwise affirmed April 19, 2023

REX DUANE STEPHENSON,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV22796; A177333

Donald D. Abar, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Reversed and remanded as to claim concerning nonunanimous verdicts; otherwise affirmed.

**ARMSTRONG, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief with respect to his convictions in 2007 for a number of sexual offenses, including one count of first-degree sodomy (Count 5) and three counts of first-degree sexual abuse (Counts 44, 45, and 46) on which the jury returned nonunanimous verdicts. He alleged two claims for relief—a standalone claim that his convictions based on nonunanimous verdicts were unconstitutional based on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and a standalone claim that the court's nonunanimous jury instruction entitled him to relief as to his unanimous convictions as well, due to structural error. In its answer, the state raised several procedural defenses. The state also moved for summary judgment on the ground that *Ramos* should not apply retroactively in state post-conviction proceedings, because the state should follow federal precedent on that issue and, alternatively, that petitioner's second claim failed as a matter of law under *State v. Flores Ramos*, 367 Or 292, 333-34, 478 P3d 515 (2020). The post-conviction court agreed and granted summary judgment in favor of the state, and this appeal ensued. As the state now acknowledges, the Oregon Supreme Court's decision in *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022), held that, under Oregon's Post-Conviction Hearings Act, ORS 138.510 to 138.680, *Ramos* does apply retroactively. The state therefore acknowledges that the post-conviction court erred and asks this court to "reverse and remand for further proceedings concerning Counts 5, 44, 45, and 46." As explained below, we agree.

In its motion for summary judgment, the state argued that both of petitioner's claims failed as a matter of law because *Ramos* does not apply retroactively in post-conviction proceedings. The state urged the post-conviction court not to consider the procedural bars in ORS 138.510 and ORS 138.550 in reaching its decision, but it did argue in the alternative that petitioner's second claim, the structural-error claim challenging the unanimous verdicts, failed as a matter of law in any event because any error in instructing the jury that the verdicts could be nonunanimous was harmless beyond a reasonable doubt where the convictions were

based on unanimous verdicts. *See Flores Ramos*, 367 Or at 333-34. After a hearing, the court granted the motion for summary judgment, for "all the reasons cited on the record, as well as the additional reasons described in defendant's Motion for Summary Judgment." The reasons that the court "cited on the record" concerned retroactivity.

On appeal, petitioner contends that the court erred in granting summary judgment on both of his claims, because *Ramos* should apply retroactively to those claims. However, he has made no separate argument that the court erred in granting summary judgment for "the additional reasons described in defendant's Motion for Summary Judgment," which was that the structural-error claim concerning the unanimous verdicts failed as a matter of law. Accordingly, neither the state's respondent's brief on appeal nor its memorandum of additional authorities filed with this court after *Watkins* explicitly addresses the post-conviction court's denial of petitioner's structural-error claim on grounds other than retroactivity. In that circumstance, we conclude that the post-conviction court's summary judgment need be reversed only with respect to petitioner's first claim. Because the state's motion for summary judgment, and the post-conviction court's decision on that motion, included an alternative basis for denial of petitioner's second claim, which petitioner has not challenged on appeal, we do not disturb the post-conviction court's disposition of that claim.

Accordingly, we conclude that the post-conviction court erred in granting the state's motion for summary judgment only as to petitioner's first claim, concerning the nonunanimous verdicts on Counts 5, 44, 45, and 46.

Reversed and remanded as to claim concerning nonunanimous verdicts; otherwise affirmed.